IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARIS L. JAMES, *Plaintiff,* v. JOHN E. WETZEL, *et al,* *Defendants.* | Civil Action No. 2:21-cv-786  Hon. William S. Stickman IV  Hon. Cynthia Reed Eddy |

### ORDER OF COURT

*Pro se* Plaintiff Paris L. James ("Plaintiff"), currently housed at the State Correctional Institution at Somerset, initiated this action against various individuals employed by the Pennsylvania Department of Corrections for alleged violations of his civil rights while incarcerated. (ECF No. 6). He was granted leave to proceed *in forma pauperis*. (ECF No. 5). The Court dismissed Plaintiff's complaint on August 29, 2022, for failure to conform with Federal Rule of Civil Procedure 8. (ECF No. 51). Plaintiff was given leave to file an amended complaint, and he did so. (ECF No. 58).

Corrections Defendants[1] filed a motion to dismiss and supporting brief arguing that Plaintiff violated Federal Rule of Civil Procedure 8, and he failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 76 and 77). After Plaintiff submitted a response in opposition and supporting brief (ECF Nos. 88 and 89), Magistrate Judge Cynthia Reed Eddy issued a Report and Recommendation recommending that Corrections Defendants'

---

[1] John E. Wetzel, Mark Capozza, Scott Nickleson, Joseph Trempus, Shelly Mankey, Rhonda House, Lois Allen, Gerald Dillinger, Shoup, Scott Riddle, Melanie Nagy, Sgt. Sheetz, Sgt. Wiles, Sgt. Reinheart, Capt. Tift, Lt. Johns, C/O King, C/O J. Smith, Superintendent Armel, Debra A. Hawkinberry, Adam Knepper, Seth Erickson, Lt. Fisher, Sgt. Lacey, Law Librarian Haluska, and C/O Malaberti (collectively "Corrections Defendants").

1

motion be granted, and that Plaintiff's complaint be dismissed without prejudice for failure to conform with Federal Rule of Civil Procedure 8. She recommended that Plaintiff be given one final opportunity to amend and cure his pleading defects. (ECF No. 90). The parties were given the opportunity to file objections.

No objections having been filed, the Court hereby ADOPTS Magistrate Judge Eddy's Report and Recommendation (ECF No. 90) as its Opinion. It concurs with her thorough legal analysis as to why Plaintiff's amended complaint fails as a matter of law for violations of Federal Rule of Civil Procedure 8. (ECF No. 90). Notably, the amended complaint fails to address the numerous deficiencies outlined in the first Recommendation and Order. (ECF Nos. 49 and 51). The amended complaint spans seventy-five (75) pages with 454 paragraphs, including seventy-four (74) separate paragraphs of purported causes of action. Plaintiff has enlarged his purported causes of action and expanded his list of defendants. The Court agrees with Magistrate Judge Eddy that the amended complaint "is rambling, ambiguous, nearly incomprehensible and does not give any Defendant fair notice of the claims asserted against them." (ECF No. 90, p. 7).

AND NOW, this 18 day of January 2024, IT IS HEREBY ORDERED that Plaintiff's amended complaint is DISMISSED WITHOUT PREJUDICE for failure to conform with Federal Rule of Civil Procedure 8. An amended complaint is due within thirty (30) days, on or before **February 20, 2023**. Plaintiff must adhere to all the directions for filing an amended complaint as set forth by Magistrate Judge Eddy on pages eight through nine and eleven through fourteen of her Report and Recommendation. (ECF No. 90, pp. 8-9, 11-14). The Court cautions Plaintiff that being afforded the opportunity to file a second amended complaint does mean that he can file new allegations not related to the allegations in the original complaint or that he can add defendants not related to the allegations in the original complaint. Plaintiff's inclusion of new

2

allegations and claims unrelated to those set forth in the original complaint, or his failure to submit a second amended complaint that is simple, concise, and direct will be considered a failure to comply with an Order of Court and may lead to the dismissal of the second amended complaint with prejudice.

IT IS FURTHER ORDERED that Corrections Defendants' Motion to Dismiss Amended Complaint [ECF 58] (ECF No. 76) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent that Plaintiff failed to adhere to Federal Rule of Civil Procedure 8, and his amended complaint is being dismissed without prejudice with leave to amend. Defendants' motion is denied as to Federal Rule Civil Procedure 12(b)(6) as the Court has afforded Plaintiff the opportunity to file an amended complaint.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE