IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| PARIS L. JAMES, ) | Civil Action No: |
| ) | 2:21-CV-00786-WSS-CBB |
| Plaintiff, ) | |
| ) | |
| vs. ) | William S. Stickman, IV |
| ) | United States District Judge |
| JOHN E. WETZEL, SECRETARY OF ) | |
| CORRECTIONS *et al.*, ) | Christopher B. Brown |
| ) | United States Magistrate Judge |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**Christopher B. Brown, United States Magistrate Judge**

## I.    Recommendation

This civil rights action was initiated by pro se Plaintiff Paris L. James

("James") against numerous Defendants who are employed by or connected with the

Pennsylvania Department of Corrections ("DOC") and generally alleges violations of

his civil rights while incarcerated in the DOC.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331, as James

purports to bring several claims pursuant to 42 U.S.C. § 1983.

Presently pending before the Court is a motion to dismiss under Fed. R. Civ.

P. 8 and 12(b)(6) by Defendants[1] and a motion for preliminary injunction by James.

ECF Nos. 101 and 111.  Despite having been granted more than twelve weeks to

---

[1]    James names forty-nine (49) separate Defendants, as set forth in the above caption. Out of
the 49 Defendants, nineteen (19) are fictitious "Doe" individuals.

respond to the pending motion to dismiss, ECF Nos. 108, 110, James has not responded.[2]  Therefore, this recommendation will be made without the benefit of James' response.  For the reasons below, it is respectfully recommended that the Court grant Defendants' motion to dismiss, dismiss James' second amended complaint with prejudice, and deny James' motion for preliminary injunction ECF No. 111 as moot.

## II.    Report

### a. Background

James initiated this lawsuit on June 16, 2021.  His initial complaint named thirty-two (32) Defendants, ten (10) of whom were fictitious Doe Defendants. James' initial complaint spanned sixty-four (64) pages, included 342 paragraphs and included fifty-four (54) separate paragraphs of purported causes of action that complained of alleged constitutional violations pertaining to several different occurrences spanning from 2019 to 2021.  Defendants moved to dismiss James' complaint for failure to conform with Fed. R. Civ. P. 8, among other reasons, which the Court granted. ECF No. 51.  The Court permitted James the opportunity to amend his complaint and specifically informed him that his complaint was being dismissed because it was excessive in length, rambling, ambiguous, virtually incomprehensible and did not give any Defendant fair notice of what claims are actually being asserted against them. ECF No. 51.  James was provided with

---

[2]    James filed a motion on August 27, 2024 that sought an extension of time until November 21, 2024 to file a response to the pending motion to dismiss. ECF No. 111.  That relief was denied. ECF No. 114.

detailed instructions on how to properly craft an amended complaint that conformed
to Fed. R. Civ. P. 8. ECF No. 49 at 9-12.

James then filed an amended complaint that did not address the deficiencies
outlined in the first Opinion and Order, despite these clear instructions.  James'
amended complaint expanded his claims and Defendants by naming thirty-seven
(37) Defendants, eleven (11) of whom were fictitious Doe Defendants.  His amended
complaint spanned seventy-five (75) pages, included 454 paragraphs and included
seventy-four (74) separate paragraphs of purported causes of action.  Substantively,
James' amended complaint included complaints about the various incidents of
prison life between 2019 and 2021.  Defendants again moved to dismiss James'
amended complaint for violating Fed. R. Civ. P. 8, which the Court granted and
dismissed James' complaint without prejudice finding that the amended complaint
did not address the deficiencies outlined in the first Recommendation and Order.
ECF No. 92 at 2.  The Court gave James the opportunity to file a second amended
complaint and cautioned that his failure to submit a second amended complaint
that is simple, concise, and direct will be considered a failure to comply with an
Order of Court and may lead to the dismissal of the second amended complaint with
prejudice. ECF No. 92 at 3.  The Court again provided James detailed instructions
on how to file a second amended complaint that conformed to Fed. R. Civ. P. 8. ECF
Nos. 90 at 8-9; 11-14; 92 at 2-3.

On April 30, 2024, James filed the operative second amended complaint.
James has again expanded his claims and the Defendants by now naming forty-nine

(49) Defendants, nineteen (19) of whom are fictitious Doe Defendants. James has somewhat pared down his complaint to fifty-four (54) pages including two-hundred eighteen (218) separate paragraphs, and forty-five (45) separate paragraphs purported causes of action. ECF No. 100 at ¶¶ 156-200. Substantively, James' second amended complaint continues to complain about the ordinary incidents of prison life that occurred between August 2019 and November 30, 2022. *See* ECF No. 100 at ¶¶ 54-57; 76-79; 92-104; 118; 128; 142; 149-150 (complaints about prison staff handling and confiscating his personal property, including legal documents); ¶¶ 67-74; 126-127; 137-140 (statements and purported verbal threats and alleged retaliation by corrections officials); ¶¶ 141, 144, 147, 151 (failure of corrections officials to investigate his complaints); ¶¶ 87-90 (threats made by inmates); ¶¶ 90-91 (purported physical altercation with another inmate in which oleoresin capsicum ("OC") spray was used); ¶¶ 80-83 (complaints about cell assignment); ¶¶ 59-64; 143 (complaints about cell condition); ¶¶ 116-117; 128 (complaints about purported cell extraction and cell search/confiscation of personal property); ¶ 145 (complaints about his grievances being denied); ¶¶ 105-108; 132; 145 (unspecified denial of library use and insufficient library time); ¶ 129 (confiscation of and damage to Plaintiff's television); ¶¶ 109-116 (providing inadequate meal on two occasions); ¶¶ 121-124 (failing to respond to James going on a hunger strike); ¶ 131 (not providing personal protective equipment during the COVID-19 pandemic); ¶¶ 133-136 (recounting an incident where James collapsed and was taken to the infirmary); ¶¶

4

152-154 (recounting an incident where James was placed in tight wrist restraints and OC spray was used).

Defendants again move to dismiss James' second amended complaint for several reasons, the most applicable is for violating Fed. R. Civ. P. 8. Because it is recommended that the Court grant Defendants' motion for failing to conform to Fed. R. Civ. P. 8, only that analysis follows.

### b. Standards of Review

#### i. Pro Se Pleadings

A pro se pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). As a result, the court will accord a pro se plaintiff an even more liberal reading of the complaint, employing less stringent standards than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). For example, a pro se complaint under 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). While pro se litigants are afforded this leniency, they "do not have a right to general legal advice from judges," and "courts need not provide substantive legal advice to pro se litigants" because pro se litigants must be treated "the same as any other litigant." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243-44 (3d Cir. 2013).

## ii.  Federal Rule of Civil Procedure 8

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a pro se plaintiff is afforded leniency in his filings, he is not exempt from satisfying basic pleading requirements. *Haines*, 404 U.S. at 520.  Rule 8(d) further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, Rules 8(a) and 8(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." 5 Charles A. Wright & Arthur R. Miller, Federal Practice, and Procedure § 1217 at 169 (2d ed. 1990).

If the complaint is "illegible or incomprehensible," *Scibelli v. Lebanon Cnty.*, 219 Fed. Appx. 221, 222 (3d Cir. 2007)(unpublished), "is not only of an unwieldy length, but it is also largely unintelligible," *Stephanatos v. Cohen*, 236 Fed. Appx. 785, 787 (3d Cir. 2007)(unpublished), or "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," *Tillio v. Spiess*, 441 Fed. Appx. 109, 110 (3d Cir. 2011)(unpublished) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)), it is necessary to dismiss the complaint for violating Rule 8. *See Mincy v. Klem*, 303 Fed. Appx. 106 (3d Cir. 2008) (unpublished); *Rhett v. New Jersey State Super. Ct.*, 260 Fed. Appx. 513 (3d Cir. 2008)(unpublished); *Bennett-Nelson v. Louisiana Bd. of Regents*, 431 F.3d 448, 450 n.1 (5th Cir. 2005). "[Fed. R. Civ. P.] 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374,

378 (7th Cir. 2003).  Similarly, dismissal is warranted under Rule 8 when a complaint leaves the "defendants having to guess what of the many things discussed constitute[s]" a cause of action, *Binsack v. Lackawanna Cnty. Prison*, 438 Fed. Appx. 158, 160 (3d Cir. 2011) (unpublished), or when the complaint is so "rambling and unclear" as to avoid permitting defendants to present an appropriate response. *Tillio*, 441 Fed. Appx. 109.

### c.  Discussion

James has again failed to conform with the requirements set forth in Fed. R. Civ. P. 8 and his second amended complaint must be dismissed.  Rather than heeding this Court's instruction to make his complaint "simple, concise and direct," James has instead expanded the list of included Defendants and has continued to include rambling and ambiguous allegations making it impossible for Defendants to prepare an appropriate response.  As with the prior iterations of his complaint, James' second amended complaint begins by complaining about his personal property being mishandled upon transfer into a new facility and divulges into James recounting the incidents of everyday prison life related to the conditions of his confinement, including varying unrelated examples of what he claims constitutes unconstitutional conduct.

The structure and substance of James' second amended complaint makes it nearly impossible for each Defendant to comprehend what conduct they are being accused of and what cause of action James purports to bring against them. James seemingly names as Defendants any correctional individual he has had any

interaction with while incarcerated, seeking to bring "every conceivable claim against every conceivable defendant." *Talley v. Harper*, No. 2: 14-CV-1411, 2017 WL 413069, at *2 (W.D. Pa. Jan. 31, 2017).  The second amended complaint as pleaded would require "superhuman patience, effort, and insight" for "any attorney [to] review the allegations of the [c]omplaint and make paragraph-by-paragraph responses." *Mendez v. Draham*, 182 F. Supp. 2d 430, 433 (D.N.J. 2002).  The second amended complaint makes it nearly impossible to comprehend what James is suing for, and is neither simple, concise, nor direct. *In re Westinghouse Securities Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting Rule 8).  For example, one of James' purported causes of action reads as follows:

> Defendants House and Allen while acting under the color of state law entered into a conspiracy to obstruct, cover-up and impede Plaintiff and those similarly situated from seeking lawful redress from DC-ADM 804 inmate grievance process redress for the unlawful seizure & destruction of Plaintiff[']s legal and personal property which constitutes a violation of Plaintiff[']s Fourtee[n]th Amendment U.S. Const. to Due Process, Equal Protection, and PA. Const. Right A[rt]icle 1§1, Article 1§8, Article 1§20.

ECF No. 100 at ¶ 163.  James' additional forty-four (44) causes of action likewise conflate varying legal theories by engaging in a narrative, for example, that certain Defendants breached a contract, engaged in a conspiracy, seized property, impeded his access to courts and violated his Fourth Amendment rights all in one purported cause of action. *Id*. at ¶ 161.  James' use of legal buzz words does not transform his second amended complaint into a properly pleaded complaint under Rule 8 and instead leaves Defendants "having to guess what of the many things discussed" may amount to unlawful conduct. *Binsack*, 438 Fed. Appx. at 160.

James has been twice put on notice of the deficiencies of his pleading style and that he could not employ a "kitchen sink" or "shot-gun" approach to pleading his claims. Despite these instructions and opportunity to cure these deficiencies, James has doubled down on his approach by repackaging his original and amended complaints. James' second amended complaint

> shifts onto the defendant[s] and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. That is not the job of either a defendant or the Court. It is the plaintiff's burden under Rule 8 to reasonably investigate his claims, to research relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them.

*Talley*, 2017 WL 413069, at *2. This type of pleading also harms James, because in "kitchen sink" complaints, genuine disputes become "impossible to discern when [they are] buried in pages of various allegations, some of which may not rise to the level of a constitutional claim." *Id.*

While courts should freely give leave to amend a pleading when justice so requires, Fed. R. Civ. P. 15(a)(2), justice does not require leave to amend where the plaintiff has repeatedly failed "to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Jiggetts v. D.C.*, 319 F.R.D. 408, 414 (D.D.C. 2017) (courts are "far less charitable when one or more amended pleadings already have been filed with no measurable increase in clarity" (internal quotation marks omitted)). *See also Rhett v. New Jersey State Super. Ct.*, 260 Fed. Appx. 513, 516 (3d Cir. 2008) (unpublished) (affirming dismissal of second amended complaint with prejudice where plaintiff failed to address pleading

deficiencies and was put on notice the consequences of failure to comply with Fed. R. Civ. P. 8). James has not heeded this Court's detailed instructions for complying with Fed. R. Civ. P. 8 and has had two opportunities to do so.. Further, James was informed that "his failure to submit a second amended complaint that is simple, concise and direct will be considered a failure to comply with an Order of Court and may lead to the dismissal of the second amended complaint with prejudice." ECF No. 92 at 3. Therefore, because James has failed to submit a second amended complaint that provides no more clarity to his claim than previous iterations of his complaint, it is respectfully recommended that James' second amended complaint be dismissed with prejudice. It is further respectfully recommended that James' motion for preliminary injunction, ECF No. 111, be denied as moot.

### d. Conclusion

Based on the above, it is respectfully recommended that the Court grant Defendants' motion to dismiss, ECF No. 101, and dismiss James' second amended complaint with prejudice for failure to conform with Fed. R. Civ. P. 8. It is further respectfully recommended that the Court deny James' motion for preliminary injunction, ECF No. 111, as moot.

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72, and the Local Rules for Magistrates, the parties have until **November 25, 2024** to object to this report and recommendation. Unless otherwise ordered by the District Judge, responses to objections are due fourteen days after the service of the

objections.  Failure to file timely objections will waive any appellate rights.

*Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: November 6, 2024.                                            Respectfully submitted,
                                                                    s/Christopher B. Brown
                                                                    United States Magistrate Judge


cc:    Honorable William S. Stickman, IV
       United States District Judge
       *via electronic filing*

       PARIS L. JAMES
       DB-7294
       SCI SOMERSET
       1590 Walters Mill Road
       Somerset, PA 15510-0001

       *Attorneys of record*
       *via electronic filing*

11