IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARIS L. JAMES, | |
| *Plaintiff,* | Civil Action No. 2:21-cv-786 |
| v. | Hon. William S. Stickman IV |
| JOHN E. WETZEL, *et al,* | Hon. Christopher B. Brown |
| *Defendants.* | |

## ORDER OF COURT

*Pro se* Plaintiff Paris L. James ("James"), currently housed at the State Correctional Institution at Somerset, initiated this action against various individuals employed by the Pennsylvania Department of Corrections for alleged violations of his civil rights while incarcerated. (ECF No. 6). He was granted leave to proceed *in forma pauperis*. (ECF No. 5). Due to a plethora of pleading deficiencies, James was given multiple opportunities to file a complaint. (*See* ECF Nos. 51 and 92). His operative complaint is his second amended complaint (ECF No. 100). James has named forty-nine (49) defendants. He has somewhat pared down his complaint to fifty-four (54) pages with forty-five (45) separate paragraphs setting forth causes of action. (ECF No. 100, ¶¶ 156-200). The Court concurs with Magistrate Judge Christopher Brown that James,

> continues to complain about the ordinary incidents of prison life that occurred between August 2019 and November 30, 2022. See ECF No. 100 at ¶¶ 54-57; 76-79; 92-104; 118; 128; 142; 149-150 (complaints about prison staff handling and confiscating his personal property, including legal documents); ¶¶ 67- 74; 126-127; 137-140 (statements and purported verbal threats and alleged retaliation by corrections officials); ¶¶ 141, 144, 147, 151 (failure of corrections officials to investigate his complaints); ¶¶ 87-90 (threats made by inmates); ¶¶ 90- 91 (purported physical altercation with another inmate in which oleoresin capsicum ("OC") spray was used); ¶¶ 80-83 (complaints about cell assignment); ¶¶ 59-64;

1

143 (complaints about cell condition); ¶¶ 116-117; 128 (complaints about purported cell extraction and cell search/confiscation of personal property); ¶ 145 (complaints about his grievances being denied); ¶¶ 105-108; 132; 145 (unspecified denial of library use and insufficient library time); ¶ 129 (confiscation of and damage to Plaintiff's television); ¶¶ 109-116 (providing inadequate meal on two occasions); ¶¶ 121-124 (failing to respond to James going on a hunger strike); ¶ 131 (not providing personal protective equipment during the COVID-19 pandemic); ¶¶ 133-136 (recounting an incident where James collapsed and was taken to the infirmary); ¶¶ 152-154 (recounting an incident where James was placed in tight wrist restraints and OC spray was used).

(ECF No. 115, pp. 4-5).

Corrections Defendants[1] filed a motion to dismiss and supporting brief arguing that James is still in violation of Federal Rule of Civil Procedure ("Rule") 8, and he has failed to state a claim pursuant to Rule 12(b)(6) (ECF Nos. 101 and 102). Despite being granted more than twelve weeks to respond (ECF Nos. 108 and 110), James did not file a response. Magistrate Judge Brown issued a Report and Recommendation recommending that Corrections Defendants' motion be granted, and that James's second amended complaint be dismissed with prejudice. He further recommends that James's motion for preliminary injunction, as well as other forms of relief, be denied. (ECF No. 115). The parties were given the opportunity to file objections (ECF No. 115), and James did so (ECF No. 116).

Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following *de*

---

[1] The Corrections Defendants are John E. Wetzel, Mark Capozza, Scott Nickleson, Joseph Trempus, Shelly Mankey, Rhonda House, Lois Allen, Gerald Dillinger, Shoup, Scott Riddle, Melanie Nagy, Sgt. Sheetz, Sgt. Wiles, Sgt. Reinheart, Capt. Tift, Lt. Johns, C/O King, C/O J. Smith, Superintendent Armel, Debra A. Hawkinberry, Adam Knepper, Seth Erickson, Lt. Fisher, Sgt. Lacey, Law Librarian Haluska, and C/O Malaberti. Plaintiff's second amended complaint added six (6) new defendants including: George Little, Lt. Jones, Captain Hawkinberry, Lt. Disvolo, and Deputy Walker. And he named seventeen (17) Jane and John Does.

*novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

James contends that he should be afforded counsel, and that Magistrate Judge Brown erred in recommending dismissal of his complaint because he has demonstrated that "he was housed under inhuman conditions of confinement," and set forth a "viable 'chain conspiracy claim.'" (ECF No. 116, p. 7). According to James, he has "factually and materially demonstrated the personal involvement of each named and John & Jane Doe Defendant ...." (*Id.* at 8). The Court disagrees and OVERRULES James's objections.

Having conducted its independent *de novo* review of the entire record, the Court hereby ADOPTS Magistrate Judge Brown's Report and Recommendation as its Opinion. (ECF No. 115). It concurs with his thorough legal analysis, legal conclusions, and recommendations. The Court has independently reached the same conclusions as Magistrate Judge Brown. It concurs with Magistrate Judge Brown's thorough legal analysis as to why James's second amended complaint once again fails as a matter of law for violations of Rule 8. (ECF No. 90). Notably, the second amended complaint fails to address the numerous deficiencies outlined in the first and second Recommendations and Orders. (ECF Nos. 49, 51, 90 and 92). The second amended complaint is not simple, concise, and direct. Not only has James expanded his list of defendants, but he has continued with his rambling and ambiguous allegations. His second amended complaint is nearly incomprehensible and does not give any Corrections Defendant fair notice of the claims asserted against them. Magistrate Judge Brown is entirely correct that "James seemingly names as Defendants any correctional individual he has had any interaction with while incarcerated, seeking to bring "every conceivable claim against every conceivable

defendant." (ECF No. 115, pp. 7-8). Unquestionably, James has not heeded the Court's detailed instructions for complying with Rule 8. The Court already informed James that "his failure to submit a second amended complaint that is simple, concise and direct will be considered a failure to comply with an Order of Court and may lead to the dismissal of the second amended complaint with prejudice." (ECF No. 92 at 3). That time has now come.

AND NOW, this 16 day of December 2024, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Second Amended Complaint (ECF No. 101) is GRANTED. Plaintiff's second amended complaint is DISMISSED WITH PREJUDICE for failure to conform with Federal Rule of Civil Procedure 8.

IT IS FURTHER ORDERED that James's Renewed Motion for Extraordinary Relief, Appointment of Counsel, Preliminary Declaratory Injunctive Relief (ECF No. 111) is DENIED AS MOOT.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE